**McGLINCHEY STAFFORD**
Sanford P. Shatz (SBN 127229)
John Calvagna (SBN 182609)
Hassan Elrakabawy (SBN 248146)
8001 Irvine Center Drive, Suite 400
Irvine, California 92618
Telephone:  (949) 381-5900
Facsimile:   (949) 271-4040
Email:         sshatz@mcglinchey.com
                   jcalvagna@mcglinchey.com
                   helrakabawy@mcglinchey.com

Attorneys for Defendant **SELECT PORTFOLIO SERVICING, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NUNEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.:  Case No.: CV14-00627 – PSG – MRWx<br><br>Hon. Philip S. Gutierrez<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF PAUL NUNEZ'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) BY DEFENDANT SELECT PORTFOLIO SERVICING, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Request for Judicial Notice and [Proposed] Order]*<br><br>DATE:    April 14, 2014<br>TIME:    1:30 p.m.<br>CTRM:   880<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>State Court Case No. VC063716<br>Action Filed:  December 23, 2013<br>Trial Date:  NA |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Phillip R. Gutierrez in Courtroom 880 of the United States District Court for the Central District of California located at 255 East Temple Street Los Angeles, CA 90012, Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") will move to dismiss Plaintiff DANIEL NUNEZ ("Nunez")'s Complaint ("Complaint") and the first cause of action for violation of California Civil Code section 2923.6 and the second cause of action for violation of California Civil Code section 2923.7, on the grounds that Nunez's Complaint fails to state any legally cognizable claim upon which relief may be granted against SPS pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and for such other and further relief as the Court deems just and proper.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Order, and such other and further oral and documentary evidence as may be presented at the hearing of the Motion.

This motion is made following several communications with Plaintiff's counsel, Nick Pacheco, pursuant to Local Rule 7-3 as to the substance of this motion. Specifically, Defendant's counsel stated the intention to file this motion to dismiss and the grounds thereon in communications with Plaintiff's counsel on February 20, 2014, at 6:03 p.m. and February 27, 2014 at 9:34 a.m.

DATED: March 5, 2014      **McGLINCHEY STAFFORD**

By: /s/ Hassan Elrakabawy
SANFORD P. SHATZ
JOHN CALVAGNA
HASSAN ELRAKABAWY
Attorneys for Defendant **SELECT PORTFOLIO SERVICING, INC.**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. SUMMARY OF FACTS ......................................................................................1

III. PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM...................................................2

    A. The Court Should Dismiss the First Cause of Action for Violation of Civil Code Section 2923.6 Because No Facts are Alleged to Show That Foreclosure Proceedings Have Begun, and Nunez Does Not Allege Any Facts To Establish That He Was Damaged By Any Act or Omission of SPS ..............................................................................3

    B. The Court Should Dismiss the Second Cause of Action for Violation of Civil Code Section 2923.7 Because Nunez Does Not Allege He Requested a Single Point of Contact or That He Was Damaged ..................................................................................................4

IV. CONCLUSION ....................................................................................................6

## TABLE OF AUTHORITIES
Page(s)
**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................. 2

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................. 2

*Oestreicher v. Alien ware Corp.,*
  322 Fed. Appx. 489 (9th Cir. 2009) ......................................................... 2

*Rockridge Trust v. Wells Fargo NA,*
  13-CV-01457-JCS, 2014 WL 688124 (N.D. Cal. Feb. 19, 2014) ............. 5

**Statutes**
Civil Code § 2923.6 ................................................................................. 3, 4

Civil Code § 2923.6(c) ................................................................................ 3

Civil Code § 2923.7 ................................................................................ 2, 5

Civil Code § 2924.12(b) .......................................................................... 4, 5

Code of Civil Procedure § 2923.7, subd. (a) ............................................... 4

Code of Civil Procedure § 2923.7, subd. (e) ............................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Daniel Nunez ("Nunez") obtained a purchase money loan of over $300,000 in 2006. He and his co-borrower subsequently defaulted on their payments and are now allegedly requesting foreclosure prevention alternatives from their loan servicer, Defendant Select Portfolio Servicing, LLC ("SPS"). Now, rather than work through the process, Nunez filed this action to enjoin SPS and force a review for permanent modification without alleging any facts to show that he is entitled to one. There is no basis to Nunez's claims against SPS. They should be dismissed.

Nunez's Complaint attempts to assert claims for violations of California's Homeowner Bill of Rights based on the conduct of his loan modification review, however, he fails to allege the necessary prerequisites and/or facts showing actual statutory violations. As to Nunez's first cause of action under Civil Code section 2923.6, the relevant HBOR provisions regarding contact prior to foreclosure could not have been breached where there is no allegation that Plaintiff has submitted a complete application or that foreclosure notices have been recorded against the subject property. Further, as to the second cause of action under Civil Code section 2923.7, Nunez does not allege that he ever specifically requested that SPS assign a "single point of contact", which is explicitly required in the text of that section. Plaintiff's claims are premature at best, and specious at worst, brought in a misguided attempt to gain leverage in connection with his request for a loan modification.

In short, Nunez seeks relief against a party who has done nothing more than be the servicer as to his defaulted mortgage loan. He has not and cannot state facts that constitute any cause of action and thus, SPS' Motion to Dismiss should be sustained with prejudice.

## II. SUMMARY OF FACTS

On or about September 1, 2006, Nunez and Maria G. Nunez obtained a $353,000 loan (the "Loan") from Loanex Funding ("Loanex"). (*See* Compl. ¶ 16.)

1

NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. - CV14-00627 – PSG – MRWX
455950.1

The Loan was secured by a deed of trust as to real property located at 4951 Beck Avenue, Bell, CA 90201 (the "Property"). (*Id.*; *see also* Request for Judicial Notice ("RJN"), Ex. "1", Deed of Trust recorded September 14, 2006.) Nunez and his co-borrower are currently in default of their payment obligations under the Note. (*See* Compl., ¶¶ 18-19.) No notice of default or notice of trustee sale has been recorded. SPS is the current servicer.

Plaintiff alleges "in violation of [California Civil Code] section 2923.6, [he] was never advised of his rights concerning the loan modification review and appeal process." (Compl., ¶¶ 23.) Plaintiff further allege that, between April 2013 and October 2013, he requested foreclosure prevention alternatives from SPS, but SPS failed to provide a single point of contact in contravention of California Civil Code section 2923.7. (*See id.* ¶¶ 18, 29.) Plaintiff alleges no other specific facts regarding SPS.

## III. PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM

"A Rule 12(b)(6) dismissal may be based on either 'the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Oestreicher v. Alien ware Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009). Where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint containing mere "labels and conclusions," or "formulaic recitations of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Bell Atlantic Corp.*, 127 S. Ct. at 555. A court is also not required to accept as true a legal conclusion couched as a factual allegation. *Aschcroft*, 556 U.S. at 678. Instead, a plaintiff must allege facts that are sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

///

### A. The Court Should Dismiss the First Cause of Action for Violation of Civil Code Section 2923.6 Because No Facts are Alleged to Show That Foreclosure Proceedings Have Begun, and Nunez Does Not Allege Any Facts To Establish That He Was Damaged By Any Act or Omission of SPS

In his first cause of action, Nunez alleges SPS violated California Civil Code section 2923.6.[1] But Nunez has not and cannot allege the prerequisites for a claim under that section.

Section 2923.6 provides, in relevant part:

> If a borrower submits a *complete application* for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.*

Cal. Civ.Code. § 2923.6(c) (emphasis added).

Here, Plaintiff's complaint does not satisfy the requirements for a valid claim under 2923.6 because he has not (and cannot) allege any facts demonstrating that SPS or any other party has violated the section. Specifically, Nunez's dual-tracking claims are barred because he does not allege he ever submitted a complete modification application pursuant to section 2923.6(c). (*See* Complaint, *passim*.)

Further, Nunez does not allege that any party recorded a notice of trustee's sale, or that any party even recorded a notice of default. And indeed, there is no allegation that foreclosure proceedings have been commenced as to the property. (*See* Complaint, *passim*). Thus, there has been no foreclosure, no foreclosure process, and

---

[1] Nunez's alleges that "Defendant has refused to review Plaintiff's loan for possible modification and he has not been advised that he is not eligible for a first lien loan modification." (Compl., ¶ 22.) The Complaint contends "thus, in violation of section 2923.6, Plaintiff was never advised of his rights concerning the loan modification review and appeal process." (*Id.*, ¶ 23.)

3
NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. - CV14-00627 – PSG – MRWX

455950.1

no violation of the pre-foreclosure procedures. For this reason as well, the claim should be dismissed.

Moreover, even if Plaintiff *could* allege a violation of 2923.6, the Complaint must be dismissed because Plaintiff has failed to plead that any alleged violations of sections 2923.6 caused him injuries. Although there are allegations of damages, Plaintiff must provide a plausible explanation of how the purported violation of 2923.6 caused actual economic damages. *See* Cal. Civ.Code § 2924.12(b). He has not done so, and so his claim must be dismissed. Moreover, he cannot do so because, as noted above, there is no allegation that foreclosure proceedings have been commenced against the property.

Finally, it is important to note that section 2923.6 "does not grant a right to a loan modification"—it "merely expresses the hope that lenders will offer loan modifications on certain terms" and "conspicuously does not require lenders to take any action." *Rockridge Trust v. Wells Fargo NA*, 2013 WL 5428722, at *30 (N.D. Cal. 2013) (citing *Austero v. Aurora Loan Servs., Inc.*, No. C–11–00490 JCS, 2011 WL 3359729, at *10 (N.D.Cal. Aug. 3, 2011)) (some citations omitted).

Plaintiff has no basis to allege any violation of Section 2923.6 and this claim should be dismissed as a bad faith, futile attempt to gain an advantage in connection with his alleged loan modification request.

### B. The Court Should Dismiss the Second Cause of Action for Violation of Civil Code Section 2923.7 Because Nunez Does Not Allege He Requested a Single Point of Contact or That He Was Damaged

California law provides that a borrower, who requests a foreclosure prevention alternative, may request that the mortgage servicer provide a single point of contact. Code Civ. Proc., § 2923.7, subd. (a). ("*Upon request from a borrower* who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.") (emphasis added.) The single point

4

of contact may be an individual or team of personnel. Code Civ. Proc., § 2923.7, subd. (e).

      Here, most fundamentally, Nunez does not allege that he ever requested a single point of contact. (*See* Complaint, *passim*) Instead, Nunez alleges that, "[b]etween April 2013 and October 2013, [he] requested foreclosure prevention alternatives from [SPS], and [SPS] failed to provide single [sic] point of contact . . . ." (Compl., ¶ 19.)[2] No other facts are alleged regarding the purported violation of section 2923.7. Because Nunez does not allege that he ever made a request to SPS for a single point of contact, he alleges insufficient facts to show SPS was obligated to provide one or that it otherwise violated the provisions related to a single point of contact. *See* California Civil Code section 2923.7(a).

      Moreover, even if Nunez is entitled to a single of point contact, as noted above, in order to properly allege a claim under section 2923.7, a plaintiff must allege that a violation of the provision was the cause of actual economic damages. *See* Cal. Civ.Code § 2924.12(b). Here, however, Plaintiff does not (and cannot) allege damages as there has been no foreclosure, no foreclosure process, and no violation of the pre-foreclosure procedures. As with the dual tracking and notice of denial provisions alleged by Nunez, Plaintiff has failed to adequately allege that he has incurred any damages, or that any damages he incurred were caused by SPS's alleged failure to comply with the single point of contact requirements. For this reason too, his claim fails. *See Rockridge Trust v. Wells Fargo NA*, 13-CV-01457-JCS, 2014 WL 688124 (N.D. Cal. Feb. 19, 2014) (dismissing claim under section 2923.7 for failure to allege damages).

///

///

///

---

[2] (*See also* Compl., ¶ 29 ["Plaintiff alleges that although he has sked to be reviewed for alternatives to foreclosure, he has not been assigned 'a single point of contact'".)

## IV. CONCLUSION

Nunez seeks a loan modification. No foreclosure has been initiated against his property. Nunez does not allege any facts that SPS acted wrongfully toward him, or breached any duties that it may have owned to him. Nunez's Complaint is devoid of any facts as to establish any claim against SPS. It should be dismissed.

DATED: March 5, 2014                McGLINCHEY STAFFORD


By: /s/   Hassan Elrakabawy
SANFORD P. SHATZ
JOHN CALVAGNA
HASSAN ELRAKABAWY
Attorneys for Defendant **SELECT PORTFOLIO SERVICING, INC.**

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss. 
COUNTY OF ORANGE )

I, Marina Hegel, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 8001 Irvine Center Drive, Suite 400, Irvine, California 92618.

On March 5, 2014, I served the document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF PAUL NUNEZ'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) BY DEFENDANT SELECT PORTFOLIO SERVICING, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐ **BY MAIL**: As follows:

    ☐ FEDERAL – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on March 5, 2014, at Irvine, California.

_____
Marina Hegel

454031.1

**SERVICE LIST**
**United States District Court, Case No. 14-CV-0067-PSG-MRWx**
**Daniel Nunez v. Select Portfolio Servicing, Inc., et al.**
**File # 104823.0050**

| | |
|---|---|
| Nick Pacheco, Esq.<br>NICK PACHECO LAW GROUP, APC<br>15501 San Fernando Mission Blvd.<br>Suite 110<br>Mission Hills, CA 91345 | Attorneys for Plaintiff DANIEL NUNEZ<br><br>Tel: (888) 888-8641<br>Fax: (800) 210-0028<br>Email:<br>nickpacheco@nickpachecolaw.com |

454031.1